E-FILED
Monday, 10 October, 2022  04:35:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JEFF BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| JORGE FONSECA, in his official and individual capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

Now comes the Plaintiff, Jeff Boyd by and through his attorney Stephen T. Fieweger and for his complaint at law, against the defendant Jorge Fonseca and in support thereof states as follows:

1.    Jeff Boyd is a resident of Rock Island, Rock Island County Illinois.

2.    That the defendant Jorge Fonseca is a resident of Washington, DC, but at all times material to this cause of action he was employed as a criminal investigator for the Illinois State Police.

3.    That this court has subject matter jurisdiction over this cause of action pursuant to 29 USC §1331 and 42 USC §1983.

4.    That the defendant Jorge Fonseca was the investigator into alleged criminal misconduct by the plaintiff Jeff Boyd with respect to his interactions with Andrea Favela. Defendant Fonseca in his role as an Illinois State Police Officer served as the investigator into this alleged misconduct from the early Spring of 2014 through August 2014.

5.    That defendant Fonseca married Andrea Favela.

6.     That on October 8, 2020 the defendant Fonseca testified at a trial on a claim brought by Andrea Favela against Jeff Boyd.  Fonseca as husband of Andrea Favela, had a financial interest in the outcome of the trial.

7.     That as a state actor the defendant Fonseca had a duty to testify truthfully and to not fabricate evidence before the jury.

8.     That despite this duty Fonseca fabricated evidence which was presented at trial including but not limited to the following:

a.     That he wrote in a report on June 6, 2014 that Jeff Boyd was located at De Paepe's gym at 2:15 p.m.  Said allegation is fabricated in that on that date Jeff Boyd never went to De Paepe's gym and after engaging in a family run with his wife and oldest son, he went to Modern Woodman Park in Davenport, Iowa to set up for his son's graduation party.  DePaepe's Gym is a location that Andrea Favela claimed Jeff Boyd was stalking her;

b.     At trial generated a report from a tracking transmitting device that had been placed on Jeff Boyd's car which contained materially false and manufactured evidence. This report contained four slides including slide six on page six dated June 12, 2014, slide seven on page seven dated June 13, 2014; slide 65 contained at page 65 on July 21, 2014, slide 76 contained at page 76 dated August 1, 2014 all of which claimed Jeff Boyd was within the area of Favela, but none of these locations exist within the data accumulated and analyzed;

c.     That at trial Fonseca testified that he had reduced the tracking device's radius to exclude times in which or when Jeff Boyd was on 7th Street in Moline, Illinois yet in his slide presentation 17 slides indicate 7th Street intrusions of Favela's residence in which 13 of those intrusions are outside 749 feet radius of Favela's residence;

2

d.      Fabricated the fact that at her interview with Illinois State Police agent Cornelius Monroe and Jorge Fonseca that Favela told them that she had obtained the identity of Adriana Hernandez in order to obtain an Illinois driver's license under that name.  Nowhere in the taped interview did this information get disclosed and nowhere in the attached documents from the interview was this disclosed;

e.      Falsely testified that none of Andrea Favela's contact information existed on Jeff Boyd's phone based on the extraction of information that Fonseca did on Boyd's phone on July 8, 2014;

f.      Falsely related that all communications between Andrea Favela and Jeff Boyd from October 2013 through mid-March 2014 were not included in the phone extraction report prepared by Fonseca in order to omit any evidence that Andrea Favela was not in fear of Jeff Boyd or that she voluntarily communicated with Jeff Boyd;

g.      Falsely related that all communications between Andrea Favela and Jeff Boyd were provided.

9.      That as a proximate result of Fonseca's fabrication of testimony and evidence Andrea Favela was able to prevail at trial and obtain a money judgment against Jeff Boyd for $75,000.00 in compensatory damages and $225,000.00 in punitive damages on October 16, 2020.

10.     That the defendant Fonseca violated plaintiff Boyd's property interest and violated Boyd's rights under the Fourteenth Amendment to the United States government to be free of interference of his property based on Fonseca's fabricated evidence all to his damages in an amount in excess of $300,000.00.

3

11.     That the defendant Fonseca was acting within the scope of his employment as an Illinois State Trooper at the time in which he provided this fabricated evidence in the course of the criminal investigation and in the course of his October 8, 2020 trial testimony.

12.     That Fonseca manipulated the evidence obtained in the investigation willfully due to his personal relationship with Andrea Favela, thereby entitling plaintiff to recover punitive damages against defendant Fonseca.

13.     The plaintiff is entitled to recover his attorney's fees and costs against this defendant under 42 USC §1988.

WHEREFORE, Jeff Boyd hereby requests that this court enter judgment against the defendant Jorge Fonseca in an amount equal to his compensatory damages, punitive damages, his attorney's fees plus the costs of this action.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Jeff Boyd, Plaintiff

/s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone:  563.424.1982
Fax:  563.424.1983
Email:  sfieweger@fiewegerlaw.com

4